

**NUMBER 13-06-366-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**DANIEL MUNIZ,** **Appellant,**

**v.**

**TEXAS DEPARTMENT OF**
**CRIMINAL JUSTICE, ET AL.,** **Appellees.**

---

**On appeal from the 36th District Court of Bee County, Texas.**

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides**
**Memorandum Opinion by Justice Yañez**

Appellant, Daniel Muniz, proceeding pro se and *in forma pauperis*, is an inmate confined in the McConnell Unit of the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"). He sued appellees—University of Texas Medical Branch, TDCJ, Maximilliano Herrera, and Eileen Kennedy—for denial of medical treatment

pursuant to 42 U.S.C., section 1983.[1]  Appellant appeals from the denial of his motion for a temporary injunction against appellees.  We affirm.

## I. Background

In his "Original Petition for Preliminary Injunction," appellant stated the following:

> Plaintiff suffers from bleeding hemorrhoids that begin [sic] in the early part of 1994.  Plaintiff has been repeatedly scheduled and re-schedule [sic] for surgery over ten (10) years now.  As the time continues to pass, the Plaintiff's condition continues to deteriorate, and continues to bleed excessively with extended pain from his condition.  The Defendants'[sic] have repeatedly refused to extend proper medical care and treatment to the Plaintiff for his condition to date upon request after request to each of the named Defendants' [sic].

Appellant asserted that appellees' failure to provide him with adequate medical treatment violates the Eighth Amendment's prohibition against cruel and unusual punishment.[2]  His petition requested the trial court to enjoin appellees "from refusing to provide [him] adequate medical care and treatment prevalent under the standard of medical treatment in Bee County, Texas, and the 8th Amendment to the United States Constitution."  The petition further sought a declaratory judgment and compensatory damages in the sum of $250,000.

On June 6, 2006, the trial court held a hearing on appellant's petition for preliminary injunction.  Appellant informed the trial court of his medical condition and the pain incurred from it; he also spoke of his inability to acquire medical treatment for his condition.  Appellant told the court that he wanted an injunction that would order appellees to provide him with the necessary operation to cure his condition.  The trial court denied the

---

[1] 42 U.S.C. § 1983 (2000).

[2] *See* U.S. CONST. amend. VIII.

2

injunction, stating, in part, that appellant had not presented sufficient evidence that would warrant granting the injunction.

## II. Applicable Law

The First Court of Appeals, in discussing temporary injunctions, has stated the following:

> In a hearing on application for a temporary injunction the only question before the court is the right of the applicant to a preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits. To warrant the issuance of the writ, the applicant need only show a probable right and a probable injury; he is not required to establish that he will finally prevail in the litigation. Where the pleadings and the evidence present a case of probable right and probable injury, the trial court is clothed with broad discretion in determining whether to issue the writ and its order will be reversed only on a showing of a clear abuse of discretion.[3]

To establish a probable right to recovery, the applicant must have a cause of action for which he may be granted relief.[4] To demonstrate probable injury or harm, an applicant must show an injury for which there can be no real legal measure of damages or none that can be determined with a sufficient degree of certainty, i.e., a noncompensable injury.[5]

"There are two general types of temporary injunctions: prohibitive and mandatory. A prohibitive injunction forbids conduct, whereas a mandatory injunction requires it."[6] The temporary injunction in this case is mandatory because it requires appellees to provide appellant with surgical care.

---

[3] *Rhodia, Inc. v. Harris County*, 470 S.W.2d 415, 419 (Tex. Civ. App.–Houston [1st Dist.] 1971, no writ).

[4] *Universal Health Servs., Inc. v. Thompson*, 24 S.W.3d 570, 577 (Tex. App.–Austin 2000, no pet.).

[5] *Id.*

[6] *RP&R, Inc. v. Territo*, 32 S.W.3d 396, 400 (Tex. App.–Houston [14th Dist.] 2000, no pet.).

3

Although ordinarily a mandatory injunction will not be granted before final hearing, a trial court has the power to grant a mandatory injunction at a hearing for a temporary injunction where the circumstances justify it. Whether a temporary mandatory injunction will be granted is within the sound discretion of the trial court. The grant thereof will be denied, however, unless the right thereto is clear and compelling and a case of extreme necessity or hardship is presented.[7]

The standard to be applied in a case involving an alleged Eighth Amendment violation arising from the denial of medical care is well settled:

In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove deliberate indifference to his serious medical needs. This standard incorporates both objective and subjective elements. The objective medical need element measures the severity of the alleged deprivation, while the subjective deliberate indifference element ensures that the defendant prison official acted with a sufficiently culpable state of mind.

Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation. The Supreme Court [has] explained that the Eighth Amendment's prohibition on cruel and unusual punishments encompasses the deliberate failure to treat a prisoner's serious illness or injury resulting in the infliction of unnecessary pain and suffering. Because society does not expect that prisoners will have unqualified access to health care, a prisoner must first make this threshold showing of serious illness or injury in order to state an Eighth Amendment claim for denial of medical care. Similarly, a prisoner must demonstrate more than an inadvertent failure to provide adequate medical care by prison officials to successfully establish Eighth Amendment liability. An official acts with the requisite deliberate indifference when that official knows of and disregards an excessive risk to inmate health or safety, a state of mind equivalent to the familiar standard of recklessness as used in criminal law.[8]

### III. Discussion

Though presented as one issue on appeal, appellant's brief appears to raise two

---

[7] *Rhodia, Inc.*, 470 S.W.2d at 419.

[8] *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003) (citations and internal quotations omitted).

issues. In one issue, appellant contends that the trial court wrongly denied him the opportunity to be heard and present evidence before denying his motion for temporary injunction. We overrule this issue because the record reveals that appellant was provided the aforementioned opportunities. In the remaining issue, appellant asserts the trial court erred in denying his motion for temporary injunction. We disagree.

In an affidavit attached to his petition for preliminary injunction, appellant stated: "I have repeatedly asked that I be treated for my condiction [sic], however, my requests for treatment have gone ignored time after time. In the last ten (10) years, I have been scheduled and re-schedule [sic] for treatment, and referrals have been denied." Though appellant claims his requests for treatment have been ignored, the transcript from the hearing on appellant's petition indicates that appellant has received some form of medical attention. At the hearing, the trial court asked appellant if he had "seen a doctor and talked to them about what type of operation [he] would need," to which appellant replied: "I already talked to everybody and they don't want to do anything about it." Appellant further stated that he had requested that his medical records be delivered to the court so the court could ascertain the status of appellant's complained-of medical condition. The medical records, however, were not yet available to the court at the time of the hearing.

Appellant did not contend that his need for surgical treatment was supported by the recommendation of a medical doctor, nor did he allege that he was denied any and all forms of medical care for his condition. Without more facts, appellant appears to have merely presented the trial court with a difference in opinion regarding the treatment of his

condition.[9] Courts have disavowed any attempt to second-guess the propriety or adequacy of a particular course of treatment, which remains a question of sound professional judgment. Accordingly, courts should not intervene upon allegations of mere negligence, mistake, or difference of opinion.[10] We thus find that appellant did not prove he had a clear and compelling right to the relief sought. Because there is no showing of a clear abuse of discretion, we overrule appellant's second issue.

## IV. Conclusion

We affirm the trial court's judgment.

LINDA REYNA YAÑEZ,
Justice

Memorandum Opinion delivered and
filed this the 17th day of July, 2008.

---

[9] *See Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977).

[10] *See id.*